7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Trenier MONTGOMERY, Defendant-Appellant.
 No. 91-5879.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-91-60)
 Don A. Yannerella, Wheeling, West Virginia, for Appellant.
 William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Eric Trenier Montgomery appeals his conviction and sentence for possession with intent to distribute cocaine base ("crack") within 1000 feet of a school in violation of 21 U.S.C.A.ss 841, 860 (West 1981 & Supp. 1993). He contends that the district court should have excluded the crack on the ground that it was discovered during an unlawful search and seizure. He also asserts that he received ineffective assistance of counsel at sentencing. We affirm.
 
 
 2
 The only testimony at the suppression hearing came from three police officers. On May 20, 1991, police in Wheeling, West Virginia, received a report that a gun had been brandished by four black males in a car. A short time later a group of four black males were spotted in the area; as police approached, three of them got into a car* and the fourth walked away down the street. Other police cars were alerted to watch for a black male with short hair wearing bib overalls and a blue shirt. Two officers in a patrol car immediately saw Montgomery, who fit the description. The car pulled along side him, and one of the officers told him to "stand still." Instead, he ran. A chase ensued, during which Montgomery was at one point bumped by another police car in an unsuccessful attempt to get him to stop. As he ran, Montgomery dropped a paper bag containing ammunition. Just before he was caught and subdued, Montgomery threw away a waist pack containing several pieces of crack and some personal items.
 
 
 3
 Montgomery moved to dismiss the indictment on the ground that the police lacked reasonable suspicion to detain him for an investigatory stop under Terry v. Ohio, 392 U.S. 1 (1968). He moved to suppress the crack on the ground that he was unlawfully seized when he was told to stand still, which made the crack the fruit of an unconstitutional search. After an evidentiary hearing and de novo review of the magistrate's recommendations, the district court found that the police had reasonable suspicion that Montgomery was engaged in criminal activity. The court further found that, in light of the Supreme Court's decision in California v. Hodari D., 59 U.S.L.W. 4335 (U.S. 1991), Montgomery was not seized when he was ordered to stand still, because he did not heed the order. We agree on both counts. The crack was thus properly admitted into evidence at trial.
 
 
 4
 Montgomery claims that his attorney was ineffective during sentencing in that he failed to challenge the constitutional validity of two prior convictions on the ground that Montgomery could not have made a valid waiver of counsel because he is not intelligent enough. Ineffective assistance is an issue better considered in a motion to vacate under 28 U.S.C. § 2255 (1988), see United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992), except in those rare cases where ineffectiveness appears on the face of the record. See United States v. Tatum, 943 F.2d 370 (4th Cir. 1991). This is not such a case. To establish that Montgomery's trial counsel made the error alleged here would require considerable factual development of the record and a factual determination which must be made in the district court. Therefore, we do not consider the issue.
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Montgomery's brother was in this group and was later convicted of the brandishing